UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                  :

UNITED STATES OF AMERICA,        :       CASE NO. 4:14-CR-00426
                                  :
               Plaintiff,       :
                                  :
vs.                              :       OPINION & ORDER
                                  :       [Resolving Doc. 122]
MELVIN JOHNSON, JR.,           :
                                  :
               Defendant.     :
                                  :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 6, 2015, a jury found Defendant Melvin Johnson guilty of conspiracy to possess with the intent to distribute or to distribute heroin; conspiracy to commit money laundering; and ten counts of use of a telephone to facilitate drug trafficking.[1]  Although Defendant Johnson continues to be represented by the Federal Public Defender's Office, he has filed a pro se motion to dismiss the charges against him.[2]

The Court notes that this is not the first time Defendant Johnson has filed a pro se motion. Prior to trial, he filed a motion seeking a pretrial evidentiary hearing.  At a pretrial conference, the Court advised Defendant Johnson that because he was represented by counsel, all motions should be made through counsel.[3]  A criminal defendant has the right to counsel, including the appointment of counsel, and also has the right of self-representation.  There is no right, however, for a defendant

_____

[1] Doc. 116.  The jury also found Defendant Johnson not guilty of nine counts of use of a telephone to facilitate drug trafficking and one count of being a felon in possession of a firearm or ammunition.  *Id.*
[2] Doc. 122.
[3] Doc. 89 at 1.

Case No. 4:14-CR-00426
Gwin, J.

to simultaneously be represented by counsel and represent himself pro se.[4]  Accordingly, a court

need not consider pro se motions filed by a represented defendant.

Because Defendant Johnson is still represented by counsel, the Court declines to consider the

remainder of his pro se motion.  The Court does observe that much of the remainder of Defendant

Johnson's motion argues that the government should not have been allowed to introduce testimony

about what words and phrases contained in intercepted phone calls and text messages often mean

in drug-related conversations.  Even if the Court were to consider this portion of Defendant

Johnson's motion, the argument would likely lose.

As the Court indicated at the beginning of the trial, the government would be permitted to

present that type of testimony, but not testimony about what particular words or phrases meant in

particular conversations.[5]  The Court considered objections based on this ruling on a case-by-case

basis, sustaining some,[6] and overruling others.[7]

The Court also declines to consider the remaining arguments in Defendant Johnson's pro se

motion.

For the foregoing reasons, the Court **DENIES** Defendant Johnson's motion to dismiss.

IT IS SO ORDERED.


Dated: April 21, 2015                          s/        *James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE

---

[4] *See United States v. Mosley*, 810 F.2d 93, 97-98 (6th Cir. 1987).

[5] Doc. 140 at 3-6; *see* Fed. R. Evid. 702 advisory committee's note (contemplating that expert testimony on coded language will be admissible in some circumstances).

[6] *E.g.*, Doc. 141 at 181.

[7] *E.g.*, *id.* at 180.