UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                    :
UNITED STATES OF AMERICA,          :       CASE NO. 4:14-CR-00426
                                                    :
       Plaintiff,                                :
                                                    :
vs.                                                 :       OPINION & ORDER
                                                    :       [Resolving Doc. 233]
MELVIN JOHNSON, JR.,                      :
                                                    :
       Defendant.                             :
                                                    :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 6, 2015, a jury found Defendant Melvin Johnson guilty of conspiracy to possess with the intent to distribute or to distribute heroin; conspiracy to commit money laundering; and ten counts of use of a telephone to facilitate drug trafficking.[1/] Although Defendant Johnson continues to be represented by the Federal Public Defender's Office, on July 29, 2015, he filed a pro se motion seeking a new trial.[2/]

The Court notes that this is not the first time Defendant Johnson has filed a pro se motion. Prior to trial, he filed a motion seeking a pretrial evidentiary hearing. At a pretrial conference, the Court advised Defendant Johnson that because he was represented by counsel, all motions should be made through counsel.[3/] A criminal defendant has the right to counsel, including the appointment of counsel, and also has the right of self-representation. There is no right, however, for a defendant

---

[1/] Doc. 116. The jury also found Defendant Johnson not guilty of nine counts of use of a telephone to facilitate drug trafficking and one count of being a felon in possession of a firearm or ammunition. *Id.*
[2/] Doc. 233.
[3/] Doc. 89 at 1.

Case No. 4:14-CR-00426
Gwin, J.

to simultaneously be represented by counsel and represent himself pro se.[4/]  Accordingly, a court need not consider pro se motions filed by a represented defendant.

Even if Defendants' pro se motion for a new trial could be considered, it fails.  Under Federal Rule of Criminal Procedure 33, a court may "vacate any judgment and grant a new trial if the interest of justice so requires."[5/]  A motion for a new trial based upon newly discovered evidence may be filed within 3 years of the verdict.[6/]  A motion for a new trial on other grounds must be filed within 14 days of the verdict.[7/]  The Sixth Circuit has adopted the following standard for determining whether a new trial based on newly discovered evidence is warranted:

> To obtain a new trial on this basis, a defendant must show that: (1) the new evidence was discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce an acquittal.[8/]

For the reasons stated on the record at the August 13, 2015 hearing, the Court finds that Defendant has not demonstrated grounds for a new trial under Rule 33.  To the extent his motion relies on grounds other than new evidence, the motion was untimely filed.[9/]  Moreover, Defendant has not put forward any new evidence, but rather reiterates factual arguments that were put to the jury when it weighed the charges against him.[10/]  Alone, this is insufficient grounds for a new trial.

---

[4/] *See United States v. Mosley*, 810 F.2d 93, 97-98 (6th Cir. 1987).
[5/] Fed. R. Crim. Pro. 33.
[6/] *Id.*
[7/] *Id.*
[8/] *United States v. Barlow*, 693 F.2d 954, 966 (6th Cir.1982).
[9/] For instance, the Defendant maintained at oral argument that the jury instructions were improper.  He failed to make any such showing in his brief or at oral argument.  Regardless, the motion for the a new trial was not filed within 14 days of the verdict being entered on March 6, 2015.
[10/] *See, e.g.*, Doc. 233 at 3 (moving for a new trial based on "newly discovered evidence," by citing to numbered exhibits that were apparently in evidence at trial).

-3-

Case No. 4:14-CR-00426
Gwin, J.

But Defendant also has not shown that any such "new" evidence is material, and that the evidence would likely produce an acquittal.

    For the foregoing reasons, the Court **DENIES** Defendant Johnson's motion for a new trial.

    IT IS SO ORDERED.


Dated: August 17, 2015                s/ *James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE