UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------
: 
UNITED STATES OF AMERICA, : CASE NO. 4:14-cr-426
:
    Respondent, :
:
vs. : ORDER
: [Resolving Doc. 355]
MELVIN JOHNSON, :
:
    Petitioner. :
:
------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Melvin Johnson has moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1] On June 18, 2018, Petitioner Johnson moved to unseal the grand jury transcripts leading to his federal indictment in connection with his § 2255 petition.[2] The government opposes that motion.[3]

There is "a long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts."[4] Federal Rule of Criminal Procedure 6(e) reflects this policy of secrecy and gives the limited circumstances in which grand jury materials may be disclosed.[5]

A party seeking the disclosure of grand jury materials must demonstrate a "particularized need" for them.[6] Under this standard, the party requesting grand jury materials has the burden of showing that "(a) the material sought will prevent a possible injustice, (b) the need for disclosure outweighs the need for secrecy, and (c) the request is narrowly tailored to provide only material so

---

[1] Doc. 340.
[2] Doc. 355.
[3] Doc. 358.
[4] *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 (1958) (citing Fed. R. Crim. P. 6(e)).
[5] See *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 425 (1983).
[6] See *Fed. Deposit Ins. Corp. v. Ernst & Whinney*, 921 F.2d 83, 86 (6th Cir. 1990); *United States v. Dimora*, 836 F. Supp. 2d 534, 552–53 (N.D. Ohio 2011) (citing *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 228 (1979)).

Case No. 4:14-cr-426
Gwin, J.

needed."[7] District courts have substantial discretion in determining whether grand jury transcripts should be disclosed under this standard.[8]

Petitioner Johnson has not shown that he has a "particularized need" for the grand jury transcripts in this case. His motion merely states that he has filed this action under § 2255 and that he requests the grand jury transcripts be unsealed "for [his] review."[9] This statement does not come close to satisfying any of the elements of the particularized need standard.[10]

The Court therefore **DENIES** Petitioner Johnson's motion to unseal the grand jury transcripts.

IT IS SO ORDERED.

Dated: August 14, 2018
                                                 s/ James S. Gwin
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE

---

[7] *Ernst & Whinney,* 921 F.2d at 86 (citing *Douglas Oil Co.,* 441 U.S. at 222–23; *In re Grand Jury Proceedings,* 841 F.2d 1264, 1268 (6th Cir.1988)).
[8] *Douglas Oil Co.,* 441 U.S. at 223.
[9] Doc. 355 at 1.
[10] *See Ernst & Whinney,* 921 F.2d at 86 (citing *Douglas Oil Co.,* 441 U.S. at 222–23; *In re Grand Jury Proceedings,* 841 F.2d at 1268).