UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

MELVIN E. JOHNSON,          :
                            :     Case No. 4:14-cr-426
                            :     Case No. 4:18-cv-499
        Petitioner,         :
                            :
vs.                         :     OPINION & ORDER
                            :     [Resolving Docs. 340, 356, 362,
                            :     363, 364, 368, 369]
UNITED STATES OF AMERICA    :
                            :
        Respondent.         :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Melvin E. Johnson seeks to vacate his sentence under 28 U.S.C. § 2255.[1] He raises a laundry list of 33 grounds, many of which contain multiple unrelated claims. However, Defendant has waived many of these claims. His other claims are merely conclusory statements that the record evidence or law do not support. For the following reasons, the Court **DENIES** Defendant's § 2255 motion.

Defendant has filed a flurry of other motions in this case. Many of these motions, though not so labeled, address the same or additional ground for relief as Defendant's § 2255 motion. The Court also **DENIES** these motions.[2]

## I. Background

In March 2015, a jury found Defendant guilty of conspiracy to distribute

---

[1] Doc. 340.
[2] These motions include Defendant's motion for a sentence reduction, motion to expand the record and disclose discovery, motion to conduct discovery and for counsel, motion for extension in filing deadlines, motion for a certified copy of protective order, and motion for free copies of transcripts. Docs. 356, 362, 363, 364, 368, and 369.

Case No. 4:14-cr-426
Gwin, J.

heroin, use of a telephone to facilitate drug trafficking, and money laundering.[3]

After the trial, but before sentencing, on July 22, 2015, Defendant Johnson moved to remove his trial counsel. In support of his motion to remove his attorney, Johnson claimed a complete break in their relations.[4] The Court denied this motion on July 28, 2015.[5] On July 29, 2015, Defendant filed a motion for a new trial.[6] The Court denied the new trial motion on August 13, 2015.[7]

On September 15, 2015, the Court sentenced Defendant Johnson to 140 months of imprisonment.[8]

Defendant then appealed to the Sixth Circuit.[9] On March 13, 2017, the Sixth Circuit affirmed Defendant's conviction and sentence.[10]

Defendant now moves to vacate his sentence under 28 U.S.C. § 2255.[11] In addition, Defendant has filed a multitude of other documents seeking various forms of relief: a motion for sentence reduction, a motion to expand the record and disclose discovery, a motion to conduct discovery and for counsel, a motion for extension in filing deadlines, a motion for a certified copy of a protection order, and a request for free copies of transcripts.[12] The Court will address each of these motions in turn.

---

[3] Doc. 201.
[4] Doc. 226.
[5] Docs. 232, 237.
[6] Doc. 233.
[7] Docs. 246, 249.
[8] Doc. 310 at 47.
[9] Doc. 283.
[10] Doc. 336.
[11] Doc. 340.
[12] Docs. 356, 362, 363, 364, 368, and 369.

## II. Discussion

A federal prisoner may collaterally attack their conviction or sentence by filing a § 2255 motion to vacate, set aside, or correct the sentence. To prevail, a movant "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."[13]

Except for a claim of ineffective assistance of counsel, a federal prisoner's failure to raise a claim on direct appeal causes a procedural default of that claim.[14] However, a movant may still obtain review of a claim if the claim's forfeiture resulted from ineffective assistance of counsel.[15]

Further, a movant may not use a § 2255 motion to relitigate an issue that was raised and considered on appeal absent highly exceptional circumstances, such as an intervening change in the law.[16]

### A. Defendant Has Forfeited Claims that Were Raised or Should Have Been Raised on Direct Appeal.

#### 1. The Sixth Circuit Already Addressed Certain of Defendant's Claims.

Defendant makes claims that have already been litigated on direct appeal. In part of Ground 13, Defendant argues that the weight and sufficiency of the evidence did not support a conspiracy conviction.[17] In part of Ground 31, Defendant claims

---

[13] *Pough v. U.S.*, 442 F.3d 959, 964 (6th Cir. 2006) (citation omitted).
[14] *Phillip v. U.S.*, 229 F.3d 550, 552 (6th Cir. 2000).
[15] *Sylvester v. U.S.*, 868 F.3d 503, 509–513 (6th Cir. 2017) ("An ineffective assistance of counsel claim may be used to prove such a constitutional violation, even where the underlying claim cannot otherwise be reviewed for the first time on a § 2255 motion." (internal quotation marks omitted)).
[16] *Dupont v. U.S.*, 76 F.3d 108, 110 (6th Cir. 1996).
[17] Doc. 340-1 at 12.

Case No. 4:14-cr-426
Gwin, J.

that the prosecution did not prove that "the alleged proceeds had a connection to the illegal activity."[18]

A defendant cannot relitigate claims already decided on direct appeal except in highly exceptional circumstances.[19] The Sixth Circuit considered Grounds 13 and part of 31 in Defendant Johnson's direct appeal.[20] The Defendant does not show any exceptional circumstances to justify the reconsideration of these claims. The Court therefore denies these claims.

### 2. Johnson Forfeited Other Claims by Failing to Raise Them on Direct Appeal.

Defendant Johnson says that the Court erred in a variety of ways at trial, but Johnson did not raise these claims in previous appeals. In Ground 12,[21] Defendant claims that the Court should not have admitted his co-defendant's phone conversations.[22] Defendant makes a similar claim in Ground 14.[23] In part of Ground 13, Defendant claims that there was insufficient evidence for finding of 1 kg of cocaine.[24] In part of Ground 16, Defendant contends that the Court should have reviewed Defendant's motion to dismiss certain counts in the indictment.[25] In Ground 27, Defendant claims that the Court wrongly failed to instruct counsel that Defendant must view all discovery.[26] In Ground 23, Defendant says the Court

---

[18] Doc. 340-1 at 27.
[19] *DuPont*, 76 F.3d at 110.
[20] Doc. 336.
[21] The Court refers to the Defendant's various claims for relief using the original numbering in the motion for the sake of clarity. Defendant's motion omitted number 19. The Court has done so as well to preserve the original numbering scheme.
[22] Doc. 340-1 at 11-12.
[23] *Id.* at 13.
[24] *Id.* at 12.
[25] *Id.* at 14.
[26] *Id.* at 24.

Case No. 4:14-cr-426
Gwin, J.

denied his right to cross-examine a witness, Jabbar Spires,[27] and to be present for side bars during trial.[28] In Ground 15, Defendant argues that the Court's jury instructions "left only a guilty option for a verdict."[29] In Ground 32, the Defendant says that the Court failed to resolve issues in his presentence report.[30] In Grounds 29 and 34, Defendant claims that the Court committed sentencing errors.[31] Finally, in part of Ground 18, Defendant claims that the Government engaged in selective and discriminatory prosecution.[32]

Claims not raised on direct appeal cannot be used to support a § 2255 petition unless the defendant can show cause and actual prejudice.[33] In the absence of cause and prejudice, a defendant may raise a claim that demonstrates actual innocence.[34]

Defendant did not raise the above Grounds on direct appeal. Defendant has not provided cause for this failure, nor shown actual prejudice resulting from this failure. Additionally, Defendant Johnson has not demonstrated actual innocence. The Court therefore denies Grounds 12, 13 (in relevant part), 14, 15, 16 (in relevant part), 18 (in relevant part), 23, 27, 29, 32, and 34.

    B.    **Defendant's Ineffective Assistance of Trial Counsel Claims Are Conclusory.**

---

[27] Counsel did cross-examine Spires, contrary to Defendant's argument. Doc. 141 at 150.
[28] Doc. 340-1 at 21.
[29] *Id.* at 14.
[30] *Id.* at 27.
[31] *Id.* at 25, 29.
[32] *Id.* at 16.
[33] *Elzy v. U.S.*, 205 F.3d 882, 884 (6th Cir. 2000).
[34] *Peveler v. U.S.*, 269 F.3d 693, 698 (6th Cir. 2001).

Defendant makes numerous claims that his trial counsel was ineffective. The Court applies the two-prong *Strickland* standard to ineffective assistance of counsel claims.[35] To succeed on such a claim, the defendant must demonstrate that counsel's performance was deficient and that he was prejudiced by the deficiency.[36]

To be deficient, trial counsel's representation must fall "below an objective standard of reasonableness."[37] The Court scrutinizes counsel's performance under a highly deferential standard and presume that the performance fell within a range of reasonable assistance.[38]

The prejudice prong requires that the defendant "show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different."[39]

1. **Trial Counsel Was Not Ineffective For Failing to File Various Pre-Trial Motions.**

In Ground 21, Defendant argues that trial counsel was ineffective for not objecting to the magistrate judge's probable cause finding.[40] Defendant's argument is convoluted, and he lists numerous complaints without any explanation or substantiation. For instance, Defendant complains about his car's identification and false statements in the warrant affidavit, an allegation he repeats in multiple

---

[35] *Strickland v. Washington*, 466 U.S. 668 (1984).
[36] *Id.* at 687.
[37] *Id.* at 688.
[38] *Id.* at 689.
[39] *Id.* at 694.
[40] Doc. 340-1 at 19.

Case No. 4:14-cr-426
Gwin, J.

grounds. He also claims that counsel should have requested a probable cause hearing.[41]

First, the Court did conduct a probable cause hearing, where it found probable cause existed.[42] Further, Defendant has not identified what aspect of the magistrate's findings during the hearing counsel should have objected to. Without further substantiation or factual support, the claim is merely conclusory. The Court denies this ground for relief.

In Ground 8, Defendant argues that counsel should have objected to a fatal variance between the grand jury evidence and trial evidence.[43]

Here, Defendant has not pointed to any specific variance that occurred or shown how he was prejudiced by such a variance. He therefore fails to satisfy his burden of showing that counsel was deficient and that he was prejudiced by the deficiency. This ground is also denied.

Finally, in part of Ground 20, Defendant claims that his counsel was ineffective for not challenging the jury instructions or introducing new instructions.[44] He also argues that counsel did not participate in jury selection.

In reality, however, trial counsel did propose specific jury instructions and did participate in *voir dire*.[45] She requested that the Court ask the jurors additional

---

[41] Defendant also argues about a probation revocation hearing, but he does not elaborate.
[42] Doc. 8.
[43] Doc. 340-1 at 8.
[44] Doc. *Id.* at 17. Additionally, in Ground 20 Defendant again takes issue with the indictment and prosecution. The Court discussed the Defendant's indictment claims in Grounds 7, 11, 16, and 30 , and any prosecutorial misconduct claims in Grounds 2, 6, and 18.
[45] Doc. 94.

questions,[46] and she successfully moved to strike numerous jurors.[47] Without further specifying how trial counsel's performance was deficient, the Court also denies this ground.

### 2. Trial Counsel Was Not Ineffective for Failing to Move to Dismiss the Indictment.

In Ground 30 and parts of Grounds 7, 11, 16 and 31, Defendant argues that his trial counsel was ineffective for not objecting to a defective indictment.[48] With this argument, Johnson takes issue with trial counsel's failure to quash testimonial language from the indictment and to refile a motion to that effect.

But counsel did file motions challenging the indictment.[49] Defendant does not explain why he believes counsel should have refiled an already denied motion. Counsel has no obligation to raise frivolous claims.[50] Defendant makes the claims without any supporting argument or explanation. Defendant does not specify why trial counsel's performance was deficient or how he was prejudiced by counsel's performance. As a result, these claims fail.

### 3. Trial Counsel Was Not Ineffective for Participating in the Plea Process.

---

[46] Doc. 140 at 42-43.
[47] *Id.* at 45-51.
[48] Doc. 340-1 at 7, 10, 14, 26, and 27.
[49] Docs. 61, 62. The government responded. Doc. 67. The Court denied the motion to strike, and counsel withdrew the motion to dismiss counts from the indictment at a hearing. Docs. 68, 69.
[50] *White v. U.S.*, 69 Fed. Appx. 222, 223 (6th Cir. 2003) (citing *Krist v. Foltz*, 804 F.2d 944, 946-47 (6th Cir. 1986)).

In Ground 26, Defendant argues that his counsel was ineffective for pursuing a plea deal without his consent.[51] In Ground 18, he says that trial counsel conspired with the prosecution to manipulate him into a "take it or leave it deal."[52]

Defendant has not shown that trial counsel fell below the required level of performance by allegedly pursuing a plea, nor does he explain how this prejudiced him. Defendant did not accept a plea agreement. Instead, his conviction resulted from a jury trial entirely separate from the plea-bargaining process. Grounds 26 and 18 are therefore denied.

### 4. Trial Counsel Was Not Ineffective for Not Filing a Motion to Dismiss for a Speedy Trial Violation.

In Ground 28, Defendant claims that trial counsel was deficient for not raising a speedy trial violation.[53]

However, no such violation existed. Defendant's trial counsel filed an unopposed motion to continue because she needed more time to review discovery with Defendant.[54] The Court then granted this motion, finding that it did not violate Defendant Johnson's speedy trial rights.[55] The Court therefore denies this claim.

### 5. Trial Counsel Was Not Ineffective for Failing to Object to the Prosecution's Conduct.

---

[51] Doc. 340-1 at 24.
[52] *Id.* at 16.
[53] *Id.* at 25.
[54] Doc. 30.
[55] The Court found that the ends of justice served outweighed the interest of the public and defendant's right to a speedy trial. Doc 43. *See also United States v. Richardson*, 681 F.3d 736, 742 (6th Cir. 2012) (affirming the district court's continuance to allow defense counsel to review thirty boxes of discovery).

Case No. 4:14-cr-426
Gwin, J.

In Grounds 4 and 17, Defendant argues that trial counsel should have objected to portions of the prosecution's opening and closing statements and direct examinations.[56] Defendant Johnson fails to point to any specific instance in the record showing where counsel should have objected. He also does not specify how the lack of objections prejudiced his case.

Further, trial counsel did object to various statements during the prosecution's arguments and witness examinations, many of which were sustained.[57] These claims are therefore also denied.

In Ground 2, Defendant claims that trial counsel was ineffective for not objecting to the prosecutor's conduct.[58] He says that trial counsel failed to investigate prosecutorial misconduct before the Grand Jury.

This claim is conclusory. Defendant does not provide any factual specificities to prove that the prosecution engaged in misconduct during the Grand Jury proceedings or how that affected his eventual trial and conviction.

Ground 2 therefore also denied.

6. **Trial Counsel Was Not Ineffective for Failing to Raise Objections to Certain Evidence.**

   a. **Co-Conspirator Evidence**

In Ground 6, Defendant Johnson argues that counsel should have objected to the Government's suppression of a co-defendant, John Smith's, cooperation

---

[56] Doc. 340-1 at 6 and 15.
[57] Docs. 141, 142, 144.
[58] Doc. 340-1 at 4.

agreement.[59] However, Defendant does not point to any reference in the trial transcripts to a cooperation agreement between Smith and the Government. In fact, John Smith did not testify at trial. Defendant fails to explain why any cooperation agreement, whether real or not, is relevant to his case.

In Ground 3, Defendant claims that he received ineffective assistance of counsel because counsel did not object to co-conspirators' statements at trial.[60] The record, however, supports a different conclusion. Counsel raised objections to co-conspirators' text messages and phone calls,[61] some of which the Court sustained.

Both of these Grounds are therefore denied.

### b. Wiretap Evidence

In Grounds 1, 10, and 33, Defendant argues that trial counsel was ineffective because she did not file any motions to suppress false statements in the search warrant affidavit or the wiretaps.[62] He contends that a *Franks* hearing to challenge the warrant's validity should have been held.

Defendant does not make a specific and substantial preliminary showing that the affidavit contained knowing and intentionally false statements.[63] Thus, no basis for a *Franks* hearing existed. Defendant does not prove that trial counsel's failure to

---

[59] Doc. *Id.* at 7.
[60] Doc. *Id.* at 5.
[61] Doc. 141 at 144; Doc 142 at Page ID 5-11, 13-17, 20, 33, 48, 50, 57, 60, 76-77, and 80.
[62] Doc. 340-1 at 4, 9, and 28.
[63] *See Franks v. Delaware*, 438 U.S. 154, 156 (1978) (stating that an attack on the affidavit must be more than conclusory and that there is a presumption of validity of the affidavit).

Case No. 4:14-cr-426
Gwin, J.

move to suppress the wiretaps was so egregious that his substantial rights were violated.[64] In fact, a co-defendant made such a motion and it was denied.[65]

These Grounds are also denied.

### c. Police Officers' Testimony

In Ground 5, Defendant claims that counsel should have objected to extraneous testimony provided by officers Belosic and Mosca.[66] Officer Belosic gave testimony on surveillance, recordings, and a search of Defendant's home.[67] Officer Mosca then corroborated Belosic's testimony.[68]

These testimonies related directly to Defendant's case. Defendant does not identify any specific testimony that trial counsel should have objected to.

This Ground is also denied.

### 7. Trial Counsel Did Not Prevent Defendant's Participation in His Trial.

In Grounds 22 and 24, Defendant argues that trial counsel did not permit him to testify at trial, participate in his own defense, or view all discovery.[69]

During the trial and post-conviction proceedings, Defendant did not raise that counsel had denied him his right to testify or that he wanted to testify.[70] Defendant has not stated why he failed to raise this during proceedings or how his counsel prevented him from doing so.

---

[64] *See Hendrix v. Palmer*, 893 F.3d 906, 922 (6th Cir. 2018) (noting that the motion's merits must be so plain that any competent attorney would file a motion to suppress).
[65] Docs. 146 and 161.
[66] Doc. 340-1 at 6.
[67] Doc. 141 at 26-43.
[68] *Id.* at 48–55.
[69] Doc. 340-1 at 21-22.
[70] *See id.*

A defendant's waiver of his right to testify is presumed unless something indicates otherwise.[71] The Court is not required to inquire *sua sponte* into whether the defendant knowingly and voluntarily waived this right.[72] And contrary to his assertions, the record shows that Defendant did participate in his defense. During the hearing on the motion to dismiss counsel, trial counsel informed the Court that she had been in contact with Defendant throughout his case and had included many of his presentence report objections.[73] Further, Defendant did review all discovery after the Court granted a continuation for him to do so.[74]

The Court denies these Grounds as well.

### 8. Trial Counsel Was Not Ineffective for Failing to Raise Various Legal Claims.

In Ground 25, Defendant claims ineffective assistance of counsel because his trial counsel should have objected to a "mingling of conspiracies."[75] Still, aside from this basic statement, Defendant has not described why trial counsel should have objected, how the conspiracies were improperly mingled, and what evidence, if any, supports this theory.[76] Without more, Defendant does not show that counsel was deficient.

---

[71] *Hodge v. Haeberlin*, 579 F.3d 627, 639 (6th Cir. 2009), *cert. denied*, 559 U.S. 1075 (2010).

[72] *United States v. Webber*, 208 F.3d 545, 551 (6th Cir. 2000), *cert. denied*, 531 U.S. 882 (2000) ("When a defendant does not alert the trial court of a disagreement, waiver of the right to testify may be inferred from the defendant's conduct. Waiver is presumed from the defendant's failure to testify or notify the trial court of the desire to do so.").

[73] Doc. 350 at 10.

[74] During the hearing on Defendant's motion to dismiss counsel, Defendant admitted that he had reviewed the wiretaps with counsel. *Id.* at 5.

[75] Doc. 340-1 at 23.

[76] *See Strickland*, 466 U.S. at 699–700 (noting that strategic choices did not stray from professional judgment and that the defendant was not prejudiced because evidence counsel failed to offer would have barely altered defendant's sentencing profile).

Case No. 4:14-cr-426
Gwin, J.

In Ground 9, Defendant Johnson says that trial counsel was ineffective for failing to argue that there was insufficient evidence for the jury to make a drug-quantity finding that would be sufficient to support a ten-year minimum sentence.[77] This is essentially the same claim as raised in Ground 13, only couched in terms of an ineffective assistance claim.

The Sixth Circuit determined that sufficient evidence existed for Defendant's conviction. Counsel was therefore not ineffective for failing to bring a claim that would have ultimately failed.

Finally, in Ground 20, Defendant argues that trial counsel failed to produce evidence for the jury.[78] This is clearly false, as counsel presented evidence and called witnesses.[79] Without further specification of what evidence Defendant feels should have been offered and why its exclusion was prejudicial, this claim is nothing but a conclusory allegation.

The Court denies each of these claims.

### C. Defendant's Appellate Counsel Was Not Ineffective.

Defendant argues in numerous of the above-mentioned claims that his appellate counsel was ineffective for the same reasons as his trial counsel. Specifically, in Ground 7, 8, and 11, Defendant says that appellate counsel was also ineffective for failing to challenge the indictment language and grand jury evidence.[80] He also says appellate counsel failed to object to the Government's

---

[77] Doc. 340-1 at 8-9.
[78] Doc. 340-1 at 17-19.
[79] Doc. 115-2.
[80] Doc. 340-1 at 7, 8, 10.

Case No. 4:14-cr-426
Gwin, J.

suppression of John Smith's cooperation agreement, the police officers' extraneous testimony, and co-conspirators' statements (Grounds 3, 5, and 6).[81] Finally, Defendant claims that appellate counsel failed to object to the mingling of conspiracies (Ground 25).[82]

Counsel has the "sound professional judgment" to determine what issues should be raised on appeal.[83] Just because counsel did not raise this issue on appeal does not provide Defendant with a successful ineffective assistance of appellate counsel claim.[84]

As with Defendant's ineffective assistance of trial counsel claims, Defendant's claims regarding appellate counsel fail because they misstate the record or lack specificity. Without citations to the record or supporting arguments, it is impossible for Defendant to show that his counsel was actually deficient, especially given the discretion allotted to appellate counsel to select issues for appeal.

The Court denies Defendant's appellate counsel ineffective assistance claims.

D.     Defendant's Other Pending Motions Are Also Denied.

   1. Motion for Sentence Reduction[85]

Johnson claims that he received an incorrect two-point sentence enhancement.[86] Sentencing issues must be raised on direct appeal or they are

---

[81] Doc. 340-1 at 5-7.
[82] Doc. 340-1 at 23.
[83] *U.S. v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).
[84] *See Jones v. Barnes*, 463 U.S. 745, 754 (1983) (holding that imposing a duty on counsel to raise every colorable claim on appeal would undermine the goal of vigorous and effective advocacy).
[85] Doc. 356.
[86] The Court construes Johnson's motion as a supplemental pleading to his § 2255 motion. As the Government correctly notes, Johnson's motion does not fall into any other viable category. *See* Doc. 357 at 5-7.

Case No. 4:14-cr-426
Gwin, J.

waived.[87] Defendant has not shown any cause or prejudice to overcome the default of these claims.[88] Additionally, Defendant was sentenced below the guidelines range.[89] Even with a two-point reduction, his sentence would still be below the lower guidelines range.[90] This claim is denied.

### 2. Motion to Expand the Record and Disclose Discovery[91]

Defendant Johnson uses this motion to repeat issues raised in his § 2255 motion. He again argues that his trial counsel prevented him from viewing discovery. The Court has addressed this issue above in Ground 24.

He also says that appellate counsel failed to raise "concurrent sentencing issues." Without further explication, this conclusory state fails to show that his counsel was deficient.

Johnson also complains about his en banc petition. This Court does not have jurisdiction over Sixth Circuit en banc determinations.

Finally, Johnson says that he was unable to communicate with appellate counsel. Aside from an undated letter to appellate counsel, which counsel appears to have answered, and a letter to the Sixth Circuit complaining of the same issue, Defendant Johnson fails to provide any other factual basis for this claim. He is

---

[87] *Weinberger v. U.S.*, 268 F.3d 346, 351 (6th Cir. 2001).
[88] *Elzy.*, 205 F.3d at 884.
[89] Doc. 310 at 47.
[90] The Sentencing Guidelines Manual recommends a sentence of 210 to 262 months for Johnson's proposed offense level of 32 and his criminal history category of VI. U.S. Sentencing Commission, Appendix G, Sentencing Table.
[91] Doc. 362.

Case No. 4:14-cr-426
Gwin, J.

unable to show that counsel was deficient in this manner and therefore this claim is denied.[92]

### 3. Motion to Conduct Discovery and to Appoint Counsel[93]

Defendant Johnson also moves for the Court to appoint counsel and to allow broad discovery in this case. Jones says he needs appointed counsel to assist with discovery.

Jones seeks the same discovery items that his counsel requested before his trial.[94] He also repeats his request for grand jury materials, a request this Court has already once denied.[95]

"Rule 6(a) of the Rules Governing § 2255 Proceedings allows the district court to enable further discovery in a habeas proceeding where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."[96]

"Bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the government to respond to discovery . . . ."[97]

Defendant's claims have either been defaulted or fail because they are conclusory allegations. In his repetition of his counsel's initial trial discovery request, Defendant Johnson fails to bring any claim that appears to entitle him to relief if fully developed. The request for discovery is therefore denied.

---

[92] *Strickland*, 466 U.S. at 687.
[93] Doc. 363.
[94] *See* Doc. 27.
[95] Doc. 361.
[96] *Thomas v. U.S.*, 849 F.3d 669, 680-681 (6th Cir. 2017) (citations omitted).
[97] *Id.*

Defendants do not have a right to counsel in habeas proceedings.[98] The Court appoints counsel only "where the interest of justice or due process so require."[99] In determining whether to appoint counsel, the Court "should consider the legal and factual complexity of the case, the [Defendant's] ability to investigate and present his claims, and any other relevant factors."[100]

The present case is easily decided on the basis of the record before the Court. The case is not so complex, nor does it call for any discovery or hearings, such that counsel should be appointed.

### 4. Motion for Extension in Filing Deadlines[101]

After receiving two extensions totaling ninety days for the filing of his reply brief, Defendant seeks another extension. Defendant argues that he needs an extension because he has requested discovery and appointment of counsel to review discovery.

After filing the motion, Defendant Johnson filed a motion for leave of court and supplemental pleadings.[102] Although stylized as supplemental pleadings, the filing repeated claims Johnson had made in earlier motions, specifically regarding the alleged sentencing errors. Additionally, almost a year later, Johnson filed another document labeled "Rebuttal of Presumption."[103] Either of these could be

---

[98] *Post v. Bradshaw*, 422 F.3d 419, 425 (6th Cir. 2005).
[99] *U.S. v. Mohammad*, No. 3:16-cr-358(1), 2019 WL 2644211, at *9 (N.D. Ohio June 27, 2019).
[100] *Id.* (quotations and citations omitted)
[101] Doc. 364.
[102] Doc. 372.
[103] Doc. 376.

Case No. 4:14-cr-426
Gwin, J.

construed as a reply in support of his initial motion, which would make the motion for an extension moot.

In any event, the Court denies Defendant's request. As stated above, the Court does not believe that Defendant's claims merit the appointment of counsel or discovery. Additionally, Defendant did not request counsel or permission to conduct discovery until after the Court had granted his second extension of time.

### 5. Motions for Certified Copy of Protection Order[104]

Defendant seeks a copy of a protective order signed by Judge Pearson authorizing the wire taps in this case.

The docket for Defendant Johnson's criminal matter in this case does not contain a protective order. Although Judge Pearson may have signed a warrant approving the wire taps, such information is available through discovery, not the Court's services. The Court denies this in conjunction with its denial of Defendant's other discovery requests.

### III. Conclusion

For the reasons stated above, the Court **DENIES** Defendant's § 2255 motion to vacate his sentence.

Defendant's other motions—a motion for sentence reduction, a motion to expand the record and disclose discovery, a motion to conduct discovery and for counsel, a motion for extension in filing deadlines, and a motion for a certified copy of a protection order are also **DENIED**.

---

[104] Docs. 369.

IT IS SO ORDERED.

Dated: December 17, 2019

>/s *James S. Gwin*
> JAMES S. GWIN
> UNITED STATES DISTRICT JUDGE