UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 4:14-CR-00426-2 |
| | : | |
| Plaintiff, | : | ORDER |
| | : | [Resolving Doc. 384] |
| v. | : | |
| | : | |
| MELVIN E. JOHNSON, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Melvin Johnson moves for a sentence reduction under 18 U.S.C. § 3582(c)(2) and U.S. Sentencing Guidelines Amendment 821.[1]

Amendment 821, Part A changes the assignment of "status points" for criminal history calculations. For defendants with seven or more criminal history points, Amendment 821 reduces those defendants' status points to one point.[2] For defendants with six or fewer criminal history points, Amendment 821 reduces those defendants' status points to zero.[3]

Amendment 821, Part B reduces a defendant's offense level by two if the defendant received no criminal history points and meets other criteria.[4]

Although Amendment 821 applies retroactively, a district court may not modify a defendant's sentence based on a retroactive amendment unless the defendant is eligible under U.S. Sentencing Guidelines § 1B1.10.[5] And under § 1B1.10(a)(2)(B), a defendant is

---

[1] Doc. 384.
[2] Amendment 821, https://www.ussc.gov/guidelines/amendment/821.
[3] *Id.*
[4] *Id.*
[5] *Dillon v. United States*, 560 U.S. 817, 827 (2010).

Case No. 4:14-cr-00426-2
GWIN, J.

not eligible if applying the retroactive amendment does not lower the defendant's guideline range.[6]

Defendant Johnson is not eligible under Amendment 821, Part A. The Court sentenced Defendant Johnson using the guideline calculation for Criminal History Category VI, because Johnson had 14 total criminal history points.[7] Applying Amendment 821, Part A, Johnson's criminal history points are reduced to 13. But that does not change Johnson's Criminal History Category[8] and therefore does not change Johnson's guideline range.

Defendant Johnson is also not eligible under Amendment 821, Part B. Because Johnson received criminal history points,[9] Johnson cannot receive the two-level reduction under Part B.

For these reasons, Defendant Johnson is not eligible for a sentence reduction under Amendment 821 and § 3582(c)(2). The Court **DENIES** the sentence reduction motion.

IT IS SO ORDERED.

Dated: May 31, 2024                    *s/    James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE

---

[6] U.S.S.G. § 1B1.10(a)(2)(B).
[7] Doc. 253 at ¶ 61.
[8] *See* U.S.S.G. Ch. 5, Pt. A (Sentencing Table).
[9] Doc. 253 at ¶ 59.

- 2 -